IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                          No. CR 17-2901 RB

FRANK LARA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Lara's Motion for Compassionate Release, filed on October 28, 2020. (Doc. 96.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.  Background**

On March 28, 2018, Mr. Lara pled guilty to an Indictment charging: (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 21 U.S.C. § 846; and (2) possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (Docs. 18; 68.) The Court sentenced Mr. Lara to 70 months imprisonment. (Doc. 83.)

Mr. Lara has served approximately 40 months; with good time credit, he has served the equivalent of approximately 59 months or 84% of his sentence. (*See* Doc. 96 at 2.) He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See id.*)

**II.  Discussion**

Mr. Lara seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which

1

permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Lara filed such a request with FCI Butner Medium I on August 19, 2020. (*See* Doc. 96-A.) The warden denied the request. (*See* Doc. 96-B.) Thus, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 102 at 9.)

Mr. Lara asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 96 at 2–4.) He argues that his medical conditions put him at risk for severe illness from COVID-19. (*Id.* at 3.) The Court agrees that Mr. Lara suffers from multiple, serious medical conditions. He is a partial paraplegic, confined to a wheelchair. (*Id.* (citations omitted).) He has been diagnosed with Brown-Sequard syndrome, atrial fibrillation, cardiomyopathy, congestive heart failure, hypertension, spinal stenosis, impingement of shoulder, obesity, and hypertension. (*Id.*) There is also evidence that Mr. Lara had a probable COVID infection in March 2020 and suffered from lingering breathing difficulties through August 2020. (*See* Doc. 99-1 at 320, 352.) The Government acknowledges that the CDC lists obesity and heart conditions as medical conditions that put individuals at an increased risk for severe illness from COVID-19. (Doc. 102 at 11 (citing *People with Certain Medical Conditions*, CDC, https://www.

cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).) Thus, the Government concedes that Mr. Lara has demonstrated extraordinary and compelling circumstances that in the face of the pandemic. (*Id.* at 10–12.) The Court declines, however, to expressly make this determination, because other factors weigh against a sentence reduction.

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>      (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>      (B) to afford adequate deterrence to criminal conduct;
>      (C) to protect the public from further crimes of the defendant; and
>      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

3

>   (2) the weight of the evidence against the person;
>   (3) the history and characteristics of the person, including--
>       (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>       (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Lara would pose a danger to public safety if he were to be released. (Doc. 38 at 12.) The Court agrees that Mr. Lara has an extensive criminal history that counsels against granting compassionate release. Mr. Lara was assigned a criminal history category of III due to nine previous convictions, and while many of the convictions are non-violent, this history reveals that Mr. Lara has been frequently incarcerated since reaching adulthood. (Doc. 71 (PSR) ¶¶ 27–35.)

The Court is further concerned with Mr. Lara's vague release plan. He asserts that he "has the full support of his family and plans to live in Rancho Cucamonga, California." (Doc. 96 at 21; *see also* Doc. 103 at 5.) The Court finds this plan is insufficiently detailed to grant a sentence reduction. Mr. Lara will likely have a better transition through placement at a halfway house. (*See* Doc. 103 at 4.)

The Court commends Mr. Lara on his obvious compassion for others, as shown in his work as a Suicide Watch Companion, his completion of his GED and other educational courses, and his clean disciplinary record. (*See* Doc. 96-4 at 1–2.) The undersigned encourages Mr. Lara to seek

drug and alcohol counseling and to improve his chances at a successful transition through work and educational programming.

The Court finds that Mr. Lara's long criminal history, along with his vague release plan, weighs strongly against a reduction. *See* 18 U.S.C. § 3553(a)(1). Consequently, the Court will deny Mr. Lara's motion.

**THEREFORE,**

**IT IS ORDERED** that Mr. Lara's Motion for Compassionate Release (Doc. 96) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE